**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY TEDESCO | Civil Division |
| Plaintiff, | No.   2:24-cv-00238 |
| v. | |
| MERCER COUNTY, PENNSYLVANIA; THE SHERIFF OF MERCER COUNTY, PENNSYLVANIA and TIM CALLAHAN, in his individual capacity, | |
| Defendants. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Anthony Tedesco, by undersigned counsel, file this Civil Complaint, and in support alleges the following.

### I. Jurisdiction

1.　The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, and 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

### II. The Parties

2.　Plaintiff, Anthony Tedesco, ("Plaintiff" or "Tedesco") is an adult individual who resides at 3656 Hubbard-Middlesex Road, West Middlesex, Mercer County, PA 16159.

3.　Defendant, Mercer County, Pennsylvania, is a political subdivision of the Commonwealth of Pennsylvania and a county of the fifth class. Its principal place of business is 17 Courthouse, Mercer, Mercer County, PA 16137. At all times relevant it was Mr. Tedesco's employer or joint employer.

4.　Defendant, The Sheriff of Mercer County, Pennsylvania, is a political subdivision

1

of the Commonwealth of Pennsylvania, with its principal place of business at 205 South Erie Street, Mercer, Mercer County, PA 16137. At all times relevant it was Mr. Tedesco's employer or joint employer.

5. Defendant, Tim Callahan, ("Defendant Callahan" or "Callahan") has been the Sheriff of Mercer County since January 2, 2024. He is a state actor with final policy making authority over the Mercer County Sheriff's Office, pursuant to Pennsylvania law. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsyvlanai law, and therefore at all times relevant acted under color of state law. He is sued in his individual capacity. His Business address is 205 South Erie Street, Mercer, Mercer County, PA 16137.

### III. Factual Background

6. Plaintiff Tedesco worked for Defendant Mercer County since October 2008. His position was Deputy Sheriff.

7. Plaintiff was not a policy-making official, nor did he hold a confidential position in the Mercer County Sheriff's Department.

8. Plaintiff's job duties as a Deputy Sheriff included: serving papers; providing security at the courthouse; transportation of prisoners; fingerprinting at schools; and serving bench warrants.

9. Plaintiff had no supervisory authority.

10. In 2019 Tedesco ran for the position of Mercer County Sheriff in the Republican primary election.

11. Tedesco ran against another Deputy Sheriff, Bruce Rosa in the primary election.

12. Rosa won the 2019 Republican primary against Tedesco and then ran unopposed in the 2019 general election.

13. Rosa was elected Sheriff and was sworn in as Mercer County Sheriff in January 2020.

14. Immediately after becoming Sheriff, Rosa removed Tedesco from the Mercer County Critical Incident Response Team without explanation.

15. In 2023, Tedesco again ran as a candidate in the Mercer County Republican primary election for Sheriff.

16. This time he ran against fellow Deputy Sheriff Tim Callahan.

17. Rosa did not run for re-election.

18. Shortly, after Tedesco and Callahan declared their candidacies, Rosa told them he was going to stay out of the election and not support either candidate.

19. However, within a week of making that proclamation, Rosa endorsed Callahan.

20. In his Campaign Tedesco engaged in political speech including giving speeches, attending events where he met the public, and having political ads and signs.

21. During his Campaign, Tedesco never ran or approved any negative ads against Callahan.

22. Nor did Tedesco ever give any negative speeches regarding Callahan.

23. Further, Tedesco's political campaign in no way interfered with his job duties.

24. Callahan won the Republican primary election against Tedesco and was elected Sheriff after running unopposed in the 2023 general election.

25. Callahan was sworn in as Sheriff on January 2, 2024.

26. On January 2, 2024 Tedesco was transporting a prisoner from Stark County, Ohio.

27. When Tedesco returned from his transport, even though it was only hours after Callahan was sworn in, Callahan had Tedesco presented with an Administrative Hearing Notice.

28. The Administrative Hearing Notice informed Tedesco he was suspended with pay and required him to turn in his badge, keys, FOB, Department issued firearms and magazines, and his identification.

29. The Administrative Hearing Notice also notified Tedesco of a Pre-Discharge Administrative Hearing scheduled for 12:00 p.m. on January 4, 2024.

30. The Administrative Hearing Notice mentioned the Sheriff's powers under 16 P.S. §1620 and §1623 and informed Tedesco that he would be given the opportunity to hear Sheriff Callahan's position as to Tedesco's continued employment.

31. Tedesco was also informed he would have the opportunity to respond to the Sheriff's position as to Tedesco's continued employment.

32. Although the Administrative Hearing Notice referenced the statutory provision that provides the Sheriff power to discharge it did not make any mention of why the Sheriff Callahan was considering exercising those discharge powers and not continuing Tedesco's employment.

33. During the January 4th hearing Callahan told Tedesco that he planned to discharge Tedesco pursuant to the statutory powers he had under 16 P.S. §1620.

34. In doing so, Callahan again did not explain or detail in any way the reason he was exercising those statutory powers to discharge Tedesco.

35. Callahan also told Tedesco that Tedesco could speak at the hearing but "I don't think there is anything that will change my mind."

36. Assistant Director of Human Resources for Defendant Mercer County, Tracy Romesburg, attended and participated in the January Administrative Hearing.

37. Following the hearing, Tedesco was given a termination notice in writing.

38. That termination notice also did not provide any reason as to why Callahan

exercised his rights to discharge Tedesco.

39. While Tedesco was repeatedly told under what statutory authority Callahan was firing him, Tedesco was never told why Callahan chose to exercise that statutory authority against him.

40. Indeed, Tedesco was never told why he was selected for discharge by Callahan.

41. Tedesco, Callahan's former political opponent in the primary, was the only deputy level Sheriff's Department employee Callahan terminated upon taking office.

42. Upon taking office Callahan did elevate another deputy level employee who was Callahan's political supporter, David Moyer, to the position of Chief Deputy.

## Count I
## 42 U.S.C. §1983
## Anthony Tedesco v. The Sheriff of Mercer County, Pennsylvania and Tim Callahan in his individual capacity

43. Plaintiff incorporates by reference the allegations in paragraphs 1 through 42 as if fully restated herein.

44. Defendants fired Tedesco because of his political affiliation, in violation of his right to belief and association under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

45. Defendants also fired Tedesco because of his speech as a citizen on matters of public concern, and because of his decision to run for office, in violation of his rights to free speech and to petition the government under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

46. In terminating Tedesco's employment, Defendant Callahan as Mercer County Sheriff, acted under color of state law, inasmuch as his conduct, as set forth at length above,

constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

47. Defendant Callahan's actions toward Tedesco were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned on a pledge of political allegiance to a party or candidate he may not prefer to support.

48. The conduct by Defendant Callahan, as set forth above, was a conscious choice to disregard Tedesco's constitutional rights, and deprived Tedesco, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. §1983.

49. As a direct and proximate result of Defendants' intentional and reckless actions, Tedesco has sustained the injuries and damages, including but not limited to lost wages, emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, Tedesco demands judgment against Defendants for deprivation of his rights under the First Amendment of the U.S. Constitution and 42 U.S.C. §1983, and damages as follows:

   a. That Defendants be permanently enjoined from discriminating against Plaintiff for engaging in First Amendment activities.

   b. That Defendants be permanently enjoined from retaliating against Plaintiff because he engaged in First Amendment protected activities.

   c. That Defendants be ordered to reinstate Plaintiff to the position he occupied at the time he was terminated with all lost pay and benefits.

   d. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress, humiliation, and loss of reputation Plaintiff has suffered as a result of Defendants' conduct.

   e. That Plaintiff be awarded punitive damages against Defendant Callahan individually in an amount sufficient to punish Defendant and to deter similar

      conduct.

f.     That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

g.     That Plaintiff be awarded damages for loss of wages, benefits and loss of pension value;

h.     That Plaintiff be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*
John E. Black, III
Pa.I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff