IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TEDESCO | CIVIL DIVISION |
| Plaintiff | NO. 2:24-cv-00238 |
| v. | |
| MERCER COUNTY, PENNSYLVANIA; THE SHERIFF OF MERCER COUNTY, PENNSYLVANIA and TIM CALLAHAN, in his individual capacity | |
| Defendants | JURY TRIAL OF 12 DEMANDED |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, comes the Defendant, Mercer County, Pennsylvania, by and through its attorneys, Marshall Dennehey, P.C. and G. Jay Habas, Esquire, and submits the following Brief in Support of Motion to Dismiss, as follows:

## I.    ALLEGATIONS OF COMPLAINT

This lawsuit is based on the termination of Plaintiff's employment as a Deputy Sheriff by Mercer County Sheriff Tim Callahan (Sheriff Callahan) on January 2, 2024.  [*ECF 1*, ¶s 26-37.]

Plaintiff alleges a claim pursuant to 42 U.S.C. §1983 for violation of his First and Fourteenth Amendment rights to political affiliation, free speech and to petition the government because Sheriff Callahan terminated his employment after the Plaintiff ran for Sheriff and lost to Sheriff Callahan in the Republican primary in 2023.  [*ECF 1*, ¶s 15-16, 44-45.]

Sheriff Callahan is identified as a state actor with final policy making authority over the Sheriff's Department including the Deputy Sheriffs such as the Plaintiff. [*ECF 1*, ¶ 5.]  Sheriff Callahan, in his Answer to the Complaint, verifies that he has independent authority as a Sheriff under 16 P.S. §1205 and Pennsylvania law. [*ECF 9*, ¶s 3, 5.]

Mercer County is named as a Defendant in the caption of the case, although the single count in the Complaint of First and Fourteenth Amendment violations does not include or specify any claim against Mercer County, only Sheriff Callahan.  [*ECF 1- Caption*, Count I.].

The Plaintiff alleges that his employment was terminated by Sheriff Callahan pursuant to his statutory authority to do so.  [*ECF 1*, ¶33]  He states that Sheriff Callahan held the administrative hearing at which he was notified of his termination, and that Sheriff Callahan gave him the termination notice in writing. [*ECF 1*, ¶s 33-35, 37]

The only allegation in the Complaint mentioning Mercer County is the conclusory statement that it was the Plaintiff's employer or joint employer [*ECF 1*, ¶ 3], although the pleading identifies that Sheriff Callahan acted alone pursuant to his statutory authority to terminate Plaintiff's employment as a Deputy Sheriff.  [*ECF 1*, ¶ 33.]

Plaintiff's Complaint identifies no grounds for Mercer County to be a party to this case, including municipal liability under *Monell*, which is not even alleged in the pleading.

## II.   <u>STANDARD OF REVIEW</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993).  When ruling on a defendant's motion to dismiss, a judge must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526-27 (3d. Cir. 2018).  In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations. *Id.*, at 644 (citing *Twombly*, 550 U.S. at 555). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 662, 678 (citing *Twombly*, 550 U.S. at 544, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, (citing *Twombly*, 550 U.S. at 556). Pursuant to *Twombly* and *Iqbal*, a District Court should the following three-step approach when ruling on a defendant's motion to dismiss:

First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338, (1989).

III.   **ARGUMENT**

    **A. Plaintiff's claim against Mercer County must be dismissed because Sheriff Callahan had independent legal authority to terminate Plaintiff's employment**

The only apparent basis for the Plaintiff's claim against Mercer County is that the County was his employer or joint employer with Sheriff Callahan. The Complaint contains no factual allegations to establish an employment relationship with Mercer County. Instead, the claim and applicable law demonstrate that Mercer County was not the Plaintiff's employer where Sheriff Callahan had the independent legal authority to control and terminate his employment.

All elected sheriffs in Pennsylvania retain the right to hire, fire, and supervise employees. 16 Pa. Stat. Ann. § 1620. This statutory authority supports the conclusion that courts in this Circuit have consistently reached that county sheriffs are final policymakers with regard to employment decisions concerning deputy sheriffs. *See e.g. Cipilewski v. Szymanski*, 2011 U.S. Dist. LEXIS 31303, 2011 WL 1135163 (M.D. Pa. 2011); *McGovern v. City of Jersey City*, 2008 U.S. Dist. LEXIS 293, 2008 WL 58820 (D.N.J. 2008); *Morgan v. Rossi*, 1998 U.S. Dist. LEXIS 5087, 1998 WL 175604 (E.D. Pa. 1998).

Sherriff Callahan has independent authority and autonomy with regard to the appointment and termination of Deputy Sheriffs in Mercer County, as a matter of law. Specifically, the Sherriff of Mercer County is an independently elected County official, vested with his own powers, duties, and responsibilities. This independent authority was explained in *Stuby v. Bedford County*, 2013 WL 5724065 *10 (W.D. Pa. 2013)

> In Pennsylvania, sheriffs exercise significant autonomy with regard to the employment of deputy sheriffs. Under state law, the "sheriff of each county may appoint such deputies ... as may be necessary to properly transact the business of his office." 16 Pa. Stat. Ann. § 1205. The appointments of deputy sheriffs are "revocable by the sheriff at pleasure." 16 Pa. Stat. Ann. § 1203; *see also* 16 P.S. § 1205 (The sheriff "may revoke the appointment of deputies in the same manner as his chief deputy.").

Furthermore, a County has no authority to remove a sheriff, as that may be only effectuated through impeachment. 16 P.S. § 3450.

Therefore, Sheriff Callahan's independent legal authority over employment decisions involving his deputies precludes Mercer County from being held liable for the termination of Plaintiff in this case.

Mercer County's position is fully supported by the the decision in *Day v. Westmoreland County*, 2021 WL 50157745 (W.D. Pa. 2021), where Judge Horan engaged in a detailed analysis in granting Westmoreland County's Rule 12(b)(6) Motion to Dismiss employment discrimination claims because the elected Sheriff of Westmoreland County was the chief policy maker with regard to employment decisions concerning deputy sheriffs and the county was divorced from the the sheriff's decision to terminate the plaintiff deputy sheriff, therefore the county was not the plaintiff's employer under Title VII or liable under *Monell*.

Day alleged that he was terminated from employment as a deputy sheriff on account of his race and in retaliation for complaining about race discrimination in the Sheriff's office.  He alleged various episodes of discrimination including that he was not given proper equipment, his supervisory authority was diminished, he was not timely provided with a handgun qualifying course, and he was denied use of the firing range.  Plaintiff further claimed that the Sheriff retaliated against him for complaining that he was treated less favorably on account of his race by placing him under surveillance and altering his time card.  After Day reported alleged race discrimination in his training for deputy sheriff, he was expelled from the training and the Sheriff terminated his employment.  *Id. at *1.*

Day brought suit under 42 U.S.C. §1983 for a Fourteenth Amendment violation of his right to equal protection and under Title VII and Pennsylvania Human Relations Act for race

discrimination.  Westmoreland County challenged the Complaint on several grounds including that the Sheriff was the Plaintiff's employer, not the County.  Judge Horan considered whether the Plaintiff established the necessary employment relationship with the County in order to state a claim based on the factors set forth in the United States Supreme Court decision in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), as adopted by the Third Circuit in *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013).

The first factor – whether the defendant paid the plaintiff, was not met as the Court found that even though the Plaintiff did not allege that the he was paid by the County, an employment relationship is not established by the funding of salaries, providing human resources support, and handling benefits.  *Id.* at *6, citing *Braden v. County of Washington*, 2010 WL 1664895 (W.D. Pa. 2010).  Judge Horan further noted that no joint employer relationship exists under Pennsylvania law based on a County's "duty and role with respect to issues such as funding, salary, benefits, and collective bargaining."  *Id.*, citing *Bowser v. Clarion Cty.*, 206 A.3d 68, 78 (Pa. Cmwlth. 2019)("[T]he County's duty and role with respect to issues such as funding, salary, benefits, and collective bargaining are simply not enough to establish a joint employer relationship.").

The Judge noted that since the sheriff had the independent authority over the deputy, and the non-sheriff policy makers of the County had no authority to overrule that decision, "there can be no imputation of Sheriff Held's employment decision to the County under these circumstances."  *Id.* @*7.

The other two tests for an employment relationship under *Nationwide Mutual Insurance Co. v. Darden* – whether the defendant hired or fired the plaintiff, and maintained control of the plaintiff's activities, were also not found to exist with regard to the County in *Day*.

The Court first examined the statutory authority of a sheriff under Pennsylvania law over deputy sheriffs, citing the following Pennsylvania Code provision:

> The sheriff of each county may appoint such deputies and clerks as may be necessary to properly transact the business of his office. He may revoke the appointment of deputies in the same manner as his chief deputy. The sheriff may also appoint necessary special deputies, when any emergency arises, to assist him in executing any civil or criminal process or court order or in preserving the peace, who shall serve only so long as they are absolutely needed. 16 P.S. § 1205.

> *Id.* at *6.

Second, the Court examined Pennsylvania court cases that recognized the independent statutory authority of Row Officers like a sheriff to exercise exclusive power to appoint and remove their employees, including deputy sheriffs. *Id.*, citing *Ricci v. Matthews*, 2 A.3d 1297, 1301 (Pa. Cmwlth. 2010), aff'd sub nom *Behr v. Matthews*, 610 Pa. 455, 21 A.3d 1187 (Pa. 2011) ("While the Code does provide the [County] Commissioners with the general authority to run county business, there are specific provisions in the Code which establish that the Row Officers have supervisory authority over the Row Employees."). *See also Troutman v. AFSCME*, 87 A.3d 954 (Pa. Cmwlth. 2014). Judge Horan further noted that a County has no statutory authority to remove a sheriff. *Id.*, citing 16 P.S. § 3450.

Based on this analysis of Pennsylvania law, the Court in *Day* concluded that Westmoreland County could not be the Deputy Sheriff's employer as a matter of law and dismissed the claim against the County, stating:

> Here, Mr. Day alleges that Sheriff Held was the elected Sheriff of
> Westmoreland County and the chief policymaker of the
> Westmoreland County Sheriff's Office. As a row officer, the
> Sheriff holds a distinct position within the County's governance.
> The statutory landscape demonstrates that the County is divorced
> from any personnel decisions regarding the decisions to hire or
> dismiss deputy sheriffs. Those decisions are granted exclusively to
> the Westmoreland County Sheriff. Mr. Day has not alleged, nor
> could he, that anyone other than Sheriff Held could decide whether
> to hire or dismiss him. Moreover, Mr. Day has not alleged that the
> County controlled his daily activities as a deputy sheriff. And
> because the County cannot appoint or remove the Sheriff, it has no
> ability to overrule his exclusive authority in his employment
> decisions. Therefore, in balancing the *Darden* factors, the Court
> finds, as a matter of law, the County was not Mr. Day's employer.

*Id.* at *6.

The *Day v. Westmoreland County* analysis and conclusion were recently cited by Your

Honor in support of the dismissal of a suit by a deputy sheriff against Allegheny County on a

joint employer theory in *Shim v. Allegheny County*, 2024 WL 1095811 (W.D. Pa. March 13,

2024). In that case, the deputy sheriff asserted that Allegheny County was a joint employer with

the Sheriff in a case involving alleged violation of free speech under the First Amendment along

with other constitutional claims. This Court found the issue involving joint employment to be

"identical to that presented in *Day v. Westmoreland County,* where the court looked to the

statutory authority for the county sheriff and held that the county was not considered a joint

employer as a matter of law." *Id.* *1. Following *Day*, Allegheny County was found not to be a

joint employer and therefore dismissed on a Rule 12(b)(6) motion. *Id.*

The analysis and conclusion by this Court in *Shim* following the decision in *Day* should

be applied to the claim in this case to find that Mercer County is not a proper defendant based on

a claim of an employment relationship with the Plaintiff, such that the Complaint against the

County should be dismissed, with prejudice.

**B.  Mercer County is not subject to liability under *Monell***

Plaintiff's Complaint does not include a claim of municipal liability against Mercer County pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), therefore, there is no basis for the County to be held liable in this case.  To the extent that such a claim might be considered to be encompassed within the pleading, or amendment thereof, the same independent authority of the Sheriff to terminate the Plaintiff's employment that precludes the County from being deemed an employer also prevents the imputation of the Sheriff's decision to the County so as to subject it to municipal liability under *Monell*.

*Monell* liability may be asserted only when "the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).  *Monell* rejects government liability based on *respondeat superior*.  *Monell*, 436 U.S. at 690-92 (1978); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984).  A municipality is only liable for a policy or custom promulgated by an actor with final decision making authority.  *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 761 (3d Cir. 2019).

Here, the Plaintiff alleges that Sheriff Callahan, pursuant to his autonomy as a final decision maker with regard to personnel matters of deputy sheriffs in his office, terminated his employment.  This is consistent with the law that county sheriffs are "final policymakers with regard to employment decisions concerning deputy sheriffs." *Day v. Westmoreland, supra*, 2021 WL 5015774 at *7 (citing *Cipilewski*, *McGovern* and *Morgan*, noted above).

A sheriff's autonomy and status as a final policymaker regarding personnel matters was cited in *Day* to support the finding that the sheriff's employment decisions could not be imputed to the County to support a *Monell* claim. *Id.* at *7. The same conclusion must be reached here.

Sheriff Callahan, an elected official and policymaker of the sheriff's office, independently controls the employment of deputy sheriffs. His autonomy as a final policymaker for such actions cannot be disputed based on the statutory and case law authority. As the Court in *Day* noted in also rejecting a municipal liability claim against Allegheny County, a County has no authority to overrule a sheriff's personnel actions, and the sheriff's decision involving termination of a deputy sheriff cannot be imputed to the County. *Id.* at *7. Just as Allegheny County in *Day* could not be held liable for a sheriff's termination of a deputy sheriff, Mercer County is not subject to *Monell* liability for the plaintiff's termination.

Finally, the Complaint in this case does not allege that any Mercer County policymakers controlled or were involved in the termination of the Plaintiff.[1] Even if such allegation were made, it would not stand against the Sheriff's independent authority to hire, fire and supervise their employees. Plaintiff has not, and cannot, plead that there was a deliberate action involving a municipal policy or custom of Mercer County that was the "moving force" for Sheriff Callahan's independent decision to legally terminate Plaintiff. *Board of Cnty Comm'rs of Bryan Cnty. Okla. v. Brown*, 520 U.S. 397, 400 (1997); *Burke v. Twp. of Cheltenham*, 742 F.Supp.2d 660, 673 (E.D. Pa. 2010).

For these reasons, any municipal liability claim against Mercer County fails as a matter of law and cannot be maintained in this case.

---

[1] The only allegation involving other County employees is that a Human Resource representative attended and participated in the meeting when Sheriff Callahan terminated the Plaintiff. *Complaint* [ECF 1, ¶36]. There is no claim that the HR representative took any action or was involved in the termination. Rather, it is claimed that the sheriff acted alone in exercising his statutory powers under 16 P.S. §1620 to terminate Plaintiff. *Id.,* ¶s 27-35.

III.    **CONCLUSION**

Plaintiff's Complaint fails to state a cause of action against Mercer County under either an employer or a municipal liability theory as a matter of law.  Therefore, Defendant Mercer County requests that the claim against it in this case cannot be maintained and that it should be dismissed, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By

G. Jay Habas, Esquire
PA ID No. 55581
717 State Street, Suite 701
Erie, PA  16501
(814) 480-7800
gjhabas@mdwcg.com

LEGAL/160960498.v1

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TEDESCO | CIVIL DIVISION |
| Plaintiff | NO.  2:24-cv-00238 |
| v. | |
| MERCER COUNTY, PENNSYLVANIA; THE SHERIFF OF MERCER COUNTY, PENNSYLVANIA and TIM CALLAHAN, in his individual capacity | |
| Defendants | JURY TRIAL OF 12 DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 6th day of May 2024, electronically or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

MARSHALL DENNEHEY, P.C.

By _____
G. Jay Habas