IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TEDESCO, )<br> )<br>    Plaintiff, )<br>   v. )<br> )<br>MERCER COUNTY, )<br>PENNSYLVANIA, *et al.*, )<br> )<br>    Defendants. ) | Civil Action No. 24-238<br><br>Judge Cathy Bissoon |

## **MEMORANDUM AND ORDER**

### I.  MEMORANDUM

Defendant Mercer County's Motion to Dismiss (Doc. 10) will be granted, and Mercer County will be dismissed from this case.

Mercer County seeks dismissal of Plaintiff's single claim against it relating to First and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983.  *See generally* Mercer Cty. Mot. Dismiss Br. (Doc. 11).  Mercer County contends dismissal is warranted given Plaintiff failed to allege specific allegations against Mercer County, and Mercer County is not Plaintiff's employer or joint employer as a matter of law.  *Id*. at 4–8.  Rather than disputing Mercer County's arguments, Plaintiff's one-page Response, *see* Resp. (Doc. 15), indicates that he "does not oppose Defendant, Mercer County, being dismissed from this case with prejudice," *id*., "[i]n light of the Answer filed by Defendants, Tim Callahan and Sheriff of Mercer County and the admissions . . . regarding Plaintiff's employer and the authority exercised to terminate Plaintiff's employment," *id*.[1]

---

[1] Plaintiff was aware of these admissions made by Defendant Mercer County Sheriff Tim Callahan, in both his personal and official capacities, when their Answer was filed.  *See* Resp. 1; Sheriff Callahan Ans. (Doc. 9).  Yet, Mercer County was made to file its Motion to Dismiss to

Here, the Court finds that Plaintiff has failed to establish a claim pursuant to § 1983 against Mercer County for substantially the same reasons provided in its Brief. Mot. Dismiss Br. 4–8 (arguing Mercer County is not Plaintiff's employer or joint employer and Plaintiff's failure to plead sufficient facts against Mercer County). Additionally, the Court will assume Plaintiff concedes to Mercer County's position for his failure to address such arguments. *See generally* Resp. For these reasons, the Court finds Plaintiff's claim against Mercer County is dismissed with prejudice.[2]

## II.  ORDER

For these reasons, Defendant Mercer County's Motion to Dismiss (**Doc. 10**) is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claim against Mercer County is **DISMISSED WITH PREJUDICE**. Mercer County is dismissed as a party. Moreover, the Court will enter two separate orders directing Plaintiff's counsel to show cause why they should not be held liable for costs and fees associated with the preparation of Mercer County's motion and brief and setting an initial case management conference for the remaining parties.

IT IS SO ORDERED.

September 12, 2024                                       s/Cathy Bissoon
                                                                         Cathy Bissoon
                                                                         United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

achieve what Plaintiff could have done voluntarily. *See* Certificate of Conferral (Doc. 10-1); *see also* Ps&Ps, Rule II.A (requiring parties to confer whether a Rule 12(b) motion may be curable by amendment). Accordingly, the Court will enter a separate order forthwith, directing Plaintiff's counsel to show cause why they should not be held liable for costs and fees associated with the preparation of Mercer County's motion and brief.

[2] The Court declines to address or incorporate Mercer County's *Monell* argument, as Mercer County recognizes Plaintiff did not bring such claim. Mot. Dismiss Br. 9–10.